FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 2 2017

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>**KIRBY CLEVELAND,** )<br><br>Defendant. ) | CRIMINAL NO. 17-965 MCA<br><br>Count 1: 18 U.S.C. §§ 1114 and 1111: Murder of an Officer and Employee of the United States;<br><br>Count 2: 18 U.S.C. § 1111: Committing Felony Murder While in Violation of 18 U.S.C. § 751(a);<br><br>Count 3: 18 U.S.C. §§ 1153, 1111: First Degree Murder;<br><br>Count 4: 18 U.S.C. § 751(a): Escape;<br><br>Count 5: 18 U.S.C. §§ 924(c)(1) and (j)(1): Using and Carrying Firearm During and in Relation to Crime of Violence;<br><br>Count 6: 18 U.S.C. §§ 924(c)(1) and (j)(1): Using and Carrying Firearm During and in Relation to Crime of Violence;<br><br>Count 7: 18 U.S.C. §§ 924(c)(1) and (j)(1): Using and Carrying Firearm During and in Relation to Crime of Violence;<br><br>Count 8: 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition. |

I N D I C T M E N T

The Grand Jury charges:

Count 1

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the

defendant, **KIRBY CLEVELAND**, did unlawfully kill John Doe, Navajo Nation Division of

Public Safety Patrol Officer, an officer and employee of the United States, while John Doe was

engaged in and on account of the performance of his official duties.

In violation of 18 U.S.C. §§ 1114 and 1111.

Count 2

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, did use a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, escape as charged in Count 4 of this indictment, and in using the firearm, the defendants caused the death of John Doe, and the killing of John Doe is felony murder as defined in 18 U.S.C. § 1111, in that the murder was committed in the perpetration of escape.

In violation of 18 U.S.C. § 1111.

Count 3

On or about March 11, 2017, in Indian Country, McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, an Indian, willfully, deliberately, maliciously, and with premeditation and malice aforethought, did unlawfully kill John Doe by use of a firearm.

In violation of 18 U.S.C. §§ 1153 and 1111.

Count 4

On or about February 26, 2017, and continuing through March 11, 2017, in Bernalillo County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, did knowingly escape from Diersen Residential Reentry Center in Albuquerque, an institutional facility in which he was lawfully confined by virtue of any process issued under the laws of the United States by the direction of the Attorney General of the United States and an authorized representative of the United States Federal Bureau of Prisons, after being convicted of a felony

offense.

In violation of 18 U.S.C. § 751(a).

### Count 5

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Murder of an Officer and Employee of the United States, as charged in Count 1 of the indictment, and in the course of this violation caused the death of John Doe through the use of a firearm, which killing is a murder as defined in 18 U.S.C. §§ 1111 and 1114.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1).

### Count 6

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Felony Murder as charged in Count 2 of the indictment, and in the course of this violation caused the death of John Doe through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1).

### Count 7

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, First Degree Murder as charged in Count 3 of the indictment, and in the course of this

3

violation caused the death of John Doe through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1).

## Count 8

On or about March 11, 2017, in McKinley County, in the District of New Mexico, the defendant, **KIRBY CLEVELAND**, having been convicted of at least one of the following felony crimes punishable by imprisonment for a term exceeding one year:

(1)     assault resulting in serious bodily injury,

knowingly possessed, in and affecting commerce, a firearm and ammunition.

In violation of 18 U.S.C. § 922(g)(1).

## Special Findings

With respect to each of Counts 1, 2, 5 and 6, the Grand Jury finds that the defendant, **KIRBY CLEVELAND**:

a.     was 18 years of age or older at the time of the offenses charged.

18 U.S.C. § 3591(a);

b.     intentionally killed John Doe.

18 U.S.C. § 3591(a)(2)(A);

c.     intentionally inflicted serious bodily injury which resulted in the death of John Doe.

18 U.S.C. § 3591(a)(2)(B);

d.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and John Doe died as a direct

4

result of the act.

18 U.S.C. § 3591(a)(2)(C);

e.     intentionally and specifically engaged in an act of violence, knowing that the act

created a grave risk of death to a person, other than one of the participants in the

offense, such that participation in the act constituted a reckless disregard for

human life, and John Doe died as a direct result of the act.

18 U.S.C. § 3591(a)(2)(D);

f.     caused John Doe's death during commission of or attempted commission of, or

during the immediate flight from the commission of another crime, specifically

escape, in violation of 18 U.S.C. § 751.

18 U.S.C. § 3592(c);

g.     committed the offense against a law enforcement officer while John Doe was

engaged in the performance of his official duties.

18 U.S.C. § 3592(14)(D).

A TRUE BILL:


_____/s/_____
FOREPERSON OF THE GRAND JURY



_____
Assistant United States Attorney

04/10/17   10:33AM

5