IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Cr. No. 17-965 KG

KIRBY CLEVELAND,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Honorable Kenneth Gonzales referred this matter to me with instructions that I conduct an *in camera* review of the Government's file in *United States v. Cleveland,* Cr. No. 12-2062 MCA and then prepare findings on his participation, if any, as United States Attorney in that case. *Doc. 37.*

In *United States v. Gipson,* the Tenth Circuit examined "whether the trial judge was required to recuse himself merely because he held the office of United States Attorney at the time when, and in the district where, defendant's first prosecution took place." *Gipson*, 835 F.2d 1323, 1325 (10th Cir.1988). In determining whether recusal is required, the *Gipson* court looked to the meaning of the words in 28 U.S.C. § 455(b)(3), requiring recusal when the presiding judge had "served in governmental employment and in such capacity participated as counsel." *Id.* The court held that mandatory disqualification "is restricted to those cases in which a judge had previously taken a part, albeit small, in the investigation, preparation, or prosecution of a case." *Id.* at 1326. Thus, if Judge Gonzales was simply "of counsel" by virtue of holding the office of United

States Attorney at the time of the prior case involving Defendant Cleveland, recusal is unwarranted.

After conducting a thorough review of the Government's entire file in Cr. No. 12-2062 MCA, I find no indication that Judge Gonzales actively participated in that case. The file reveals only a routine "Prosecution Memo" dated August 15, 2012, which was addressed to him as the United States Attorney. In that memo, prosecuting AUSA Jake Wishard requests nothing from him and states that he would not be presenting the case to the screening committee. Because "[o]ne cannot 'participate' without doing something," I conclude that recusal by the presiding judge is not required under 28 U.S.C. § 455(b)(3).

**IT IS HEREBY ORDERED** that any objections to this Proposed Findings and Recommended Disposition be filed no later than the end of business on January 29, 2018.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE