IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 17-965 KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **KIRBY CLEVELAND**, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF INTENTION TO SEEK THE DEATH PENALTY**

The United States of America, by and through its attorneys, James D. Tierney, Acting United States Attorney for the District of New Mexico, and Michael D. Murphy and Jennifer M. Rozzoni, Assistant United States Attorneys for said district, hereby gives notice pursuant to 18 U.S.C. § 3593(a) that the circumstances of this case are such that, in the event the defendant is convicted of a capital offense related to the death of Houston James Largo, a sentence of death is justified and the United States will seek a sentence of death. Specifically, the United States will seek a sentence of death for the following counts of the Indictment (Doc. 20): Count 2, charging Committing Felony Murder while in Violation of 18 U.S.C. § 751(a), in violation of 18 U.S.C. § 1111; and Count 6 charging Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1). For each of the counts listed above to which the defendant is found guilty, the United States proposes to prove the following factors beyond a reasonable doubt as justifying a sentence of death.

A.   **Statutory Threshold Factors 18 U.S.C. § 3591(a).**

1.   The defendant was 18 years of age or older at the time of the offenses charged. 18 U.S.C. § 3591(a).

2.	The defendant intentionally killed Houston James Largo. 18 U.S.C. § 3591(a)(2)(A).

3.	The defendant intentionally inflicted serious bodily injury which resulted in the death of Houston James Largo. 18 U.S.C. § 3591(a)(2)(B).

4.	The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Houston James Largo died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

5.	The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Houston James Largo died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

**B.	Statutory Aggravating Factor 18 U.S.C. § 3592(c).**

1.	The defendant caused Houston James Largo's death during the commission of or attempted commission of, or during the immediate flight from the commission of an offense under 18 U.S.C. § 751, prisoners in custody of institution or officer. 18 U.S.C. § 3592(c)(1).

**C.	Non-Statutory Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2).**

   **1.	Victim Impact Evidence**

As reflected by the victim's personal characteristics as an individual human being and the impact of his death upon his family, friends, and colleagues, the defendant, KIRBY CLEVELAND, caused injury, harm and loss to the victim and the victim's family, friends, and colleagues including, but not limited to the following:

### (a) Characteristics of the Victim

The defendant caused the death of Houston James Largo, a 27-year old son, brother, and decorated veteran law enforcement officer with the Navajo Nation Department of Public Safety, who enjoyed a strong relationship with his family, friends, and colleagues, including but not limited to Maggie Charley, Alfred Largo, Tammara Largo, Roland Largo, Gabriel Albert, and Sandra Enrico, as well as Officers Joel Leuppe, Christopher Sloan, Franklin Begay and Sgt. Custer Bryant of the Navajo Nation Department of Public Safety, Sgt. Robert Turney and Deputy Nocona Clark of the McKinley County Sheriff's Department, and Criminal Investigator Krissy Leekity of the Zuni Nation Police Department.

### (b) Impact of the Offense on the Family of the Victim

The victim's family suffered severe and irreparable harm including, but not limited to, emotional distress, grief, loss of companionship, and loss of emotional and financial support.

### (c) Impact of the Offense on the Employer and Colleagues of the Victims

The victim's employer, the Navajo Nation Department of Public Safety, and the victim's colleagues within the Department of Public Safety and adjoining law enforcement agencies have suffered substantial and irreparable harm, including, but not limited to, emotional distress, grief, loss of companionship, and loss of service.

### 2.    Status of the Victim

The defendant committed the offense against victim Houston James Largo, who was a law enforcement officer, while he engaged in the performance of his official duties.

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Indictment as they relate to the background and character of the defendant, KIRBY CLEVELAND, his moral culpability, and the nature and circumstances of the offenses charged in Counts Two and Six of the Indictment.

    Respectfully submitted,

    JAMES D. TIERNEY
    Acting United States Attorney

    *Electronically filed January 26, 2018*
    MICHAEL D. MURPHY
    JENNIFER M. ROZZONI
    Assistant United States Attorneys
    P.O. Box 607
    Albuquerque, New Mexico 87102
    (505) 346-7274

I hereby certify that on January 26, 2018
I filed the foregoing electronically through
the CM/ECF system, which caused counsel for the
Defendant to be served by Electronic means, as
more fully reflected on the Notice of Electronic
Filing.

*Electronically filed January 26, 2018*
JENNIFER M. ROZZONI
Assistant United States Attorney