IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,                      CRIMINAL NO. 17-965 KG

      vs.

**KIRBY CLEVELAND,**

                Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT KIRBY CLEVELAND'S MOTION FOR DISCOVERY AND LEAVE TO FILE REPLY BRIEF WITH INPUT FROM LEARNED COUNSEL

The United States of America, by and through its attorneys, James D. Tierney, Acting United States Attorney for the District of New Mexico, and Michael D. Murphy and Jennifer M. Rozzoni, Assistant United States Attorneys for said district, hereby submits its brief in response to Defendant Kirby Cleveland's Motion for Discovery and Leave to File Reply Brief with Input from Learned Counsel. Doc. 43.

## BACKGROUND

On April 12, 2017, the federal Grand Jury returned an eight-count indictment charging the Defendant with the following:  Murder of an officer or employee of the United States in violation of 18 U.S.C. §§ 1114 and 1111 (Count 1); Committing felony murder while in violation of 18 U.S.C. § 751(a) (Count 2); First degree murder in violation of 18 U.S.C. § 1111 (Count 3); Escape in violation of 18 U.S.C. § 751(a)  (Count 4); Using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) (Counts 5, 6, and 7); and Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Doc. 20.  Following indictment, the case was assigned to the Honorable M. Christina Armijo. Doc. 25.  Chief Judge Armijo also presided over an earlier case involving the Defendant and for which he was serving a period of supervised release at the time of the events leading to the instant charges. Doc. 12, Notice of Related Case Regarding Cr. No. 12-2062 MCA, filed March 21, 2017.

On January 11, 2018, this case was reassigned to the Honorable Kenneth J. Gonzales. Prior to commencing his duties as a United States District Judge for the District of New Mexico on August 9, 2013, Judge Gonzales was the United States Attorney for the District of New Mexico. His tenure as United States Attorney began on May 3, 2010 and continued until August 8, 2013.  Notably, Judge Gonzales was the United States Attorney on June 5, 2012 when charges were brought against Defendant Kirby Cleveland in *United States v. Kirby Cleveland*, Cr. No. 12-2062.  *United States v. Kirby Cleveland*, Cr. No. 12-2062 MCA, Doc. 1.  The Defendant eventually entered a guilty plea to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) in that matter on July 18, 2013.  *Id.* at Doc. 84 (Plea Agreement), Doc. 86 (Minutes of plea hearing).  The Defendant was sentenced on November 26, 2013, nearly four months after Judge Gonzales left the United States Attorney's Office. *United States v. Kirby Cleveland*, Cr. No. 12-2062 MCA, Doc. 101 (Minutes of sentencing hearing).

Shortly after being assigned to the instant case, Judge Gonzales set a status conference for February 1, 2017. Doc. 34. On January 24, 2017, the United States sent a letter to Judge Gonzales and to counsel for the Defendant noting Judge Gonzales' service as United States Attorney during the first prosecution of the Defendant and alerting the Court to the possibility of a recusal issue pursuant to 28 U.S.C. § 455. The United States noted that it was not seeking

recusal. The Court thereafter set a telephonic status conference which was held on January 25, 2018 and discussed the issue with counsel. It is important to point out that, at the status conference, Kirby Cleveland was not present and his counsel did not object to his absence. Nevertheless, at that hearing, counsel for Defendant Cleveland requested that Judge Gonzales recuse himself.  Doc. 36 (Minutes of telephonic status conference); *see also* Doc. 50 at 5.

Judge Gonzales noted that he had no independent recollection of the underlying case matter, nor did the docket reflect that he had personally appeared on behalf of the United States in any capacity in the case. *Id.*; *see also* Doc. 50 at 6-7.  This inquiry is consistent with the standard imposed by 28 U.S.C. § 455(a). *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982) ("Under section 455(a), the judge is under a continuing duty to ask himself what a reasonable person knowing all the relevant facts would think about his impartiality."). The Court directed counsel for Defendant to brief the issue of recusal by January 29, 2018, and the United States to respond to that brief by January 31, 2018. *Id.*; see also Doc. 50 at 14.  Additionally, at the suggestion of the government, the Court ordered Chief Magistrate Judge Karen B. Molzen[1] to review, *in camera*, the United States Attorney's Office file in *United States v. Kirby Cleveland*, Cr. No. 12-2062 and to prepare findings related to this Court's participation, if any, in the underlying case.  Doc. 37; see also Doc. 50 at 11-12.  On January 26, 2018, following review of the entire United States Attorney's Office case file, Magistrate Judge Molzen issued her proposed findings and recommended disposition finding "no indication that Judge Gonzales actively participated in" the case and concluding that recusal by the presiding judge was and is not required pursuant to 18 U.S.C. § 455(b)(3).  Doc. 38.  That same day, the United States filed

---

[1] Originally the Court was going to order Magistrate Judge Kirtan Khalsa to review the file. Ultimately, it was Magistrate Judge Molzen who did so.

its Notice of Intent to Seek the Death Penalty against Defendant Kirby Cleveland.  Doc. 39.

## THE FEBRUARY 1, 2018 STATUS CONFERENCE

On February 1, 2018, this Court held the scheduled status conference, in person, in Albuquerque.  Attorney Donald Kochersberger appeared on behalf of Kirby Cleveland.  Doc. 42.  Defendant Cleveland was not present and defense co-counsel, Terri Duncan, had previously informed the Court that she would not be present at the hearing as she would be in trial on February 1, 2018.  Doc. 42; *see also* Doc. 50 at 9.

The Court first took up the matter of meeting and conferring about an amended scheduling order.  Doc. 49 at 4-9.  The Court then turned to the Defendant's motion to recuse and acknowledged that defense counsel had raised the issue of Defendant Cleveland's absence.  *Id*. at 9-10.  The judge offered the parties the opportunity to add or clarify the briefing, and more pointedly, asked the Government if there was any additional information related to the extent of the Court's involvement in the underlying case while he was the United States Attorney.  *Id*. at 10.

In an effort to avoid substantive argument, the Government explained that it had completed an email archive search in an attempt to provide the Court with additional information that might indicate the Court's involvement, or lack thereof, in the underlying case.  *Id*. at 10-11.  Specifically, an email search was completed for any and all emails going to or from the email address for then United States Attorney Kenneth Gonzalez containing the term "Kirby Cleveland" between June 5, 2012 (the date of complaint) and August 8th, 2013 (the last day this Court served as United States Attorney).  This search of email went beyond the paper case file that had previously been reviewed by Magistrate Judge Molzen and was completed in an effort to provide as much information as possible for the Court's decision on the issue of

recusal.  As such, the file originally given to Magistrate Judge Molzen for review was not "incomplete" as the Defendant claims.  Doc. 43 at 3.  Nevertheless, and in the category of "no good deed goes unpunished," Defendant Cleveland now tries to make it seem as if 1) the government did not provide the complete case file to Magistrate Judge Molzen (which it did) and that 2) somehow the government and this Court have "secret information" related to the search for emails.  Nothing could be further from the truth.  Additionally, the discussion on the record about emails was not substantive in nature and was more akin to the conversation between counsel and the court that took place during the January 25, 2018 telephonic conference, *when Defendant Cleveland was not present*.  This Court asked that the emails found in the search be provided to Magistrate Judge Molzen for review.  *Id.* at 12.  Other than correcting a typo, the Government did not have anything else to put on the record.  *Id*.

Somewhat ironically, defense counsel then spoke, noting his objection to Mr. Cleveland's absence, but then launched into substantive argument on the merits of the motion. *Id*. at 14.  If, as defense counsel notes, this hearing could be couched as an "impromptu quasi-evidentiary hearing" it would fall squarely on the shoulders of the defense, not this Court or the government for making it so.  Regardless, this Court made no ruling on the Defendant's motion to recuse at the February 1, 2018 hearing and has yet to do so.  Further, another status conference for March 2, 2018 has been scheduled, and the order specifically states that Defendant Cleveland will be present.  Doc. 47.

## **ARGUMENT**

As to the Defendant's requests for relief, the Government does not, for the most part, take issue with the Defendant's assertions.  It agrees that it is important for learned counsel to be available for consultation and appearances, but notes that it is equally important that learned

counsel not be so busy and unavailable that she delays the proceedings in this current case. *See* Defendant's Notice of Appendix to Motion for Discovery (Doc. 48), Exhibit B, p. 84 (setting forth obligations of counsel respecting workload). Further, the Government takes no position on the Defendant's request to file a reply brief related to his motion to recuse.

      Finally, as to the Defendant's discovery request, the Government does oppose the vague relief request. The Defendant appears to be on a fishing expedition into the United States Attorney's office's files—files that he is not entitled to. Magistrate Judge Molzen has reviewed the entirety of the office file and any pertinent emails and has issued orders related to both. The Government provided the files and emails for an *in camera* review out of an abundance of caution, not out of any obligation, to help this Court determine whether it should recuse itself from this case matter. *See Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (The test for recusal under 28 U.S.C. 455(a) is whether a reasonable person, knowing *all the relevant facts*, would harbor doubts about the judge's impartiality) (emphasis added). Because the files and the emails were not provided to this Court but given to Magistrate Judge Molzen to determine if any relevant facts existed therein and she has made that determination, the Court is armed with the same exact information as the Defendant, and should be able to make a reasoned decision about recusal therefrom.

      WHEREFORE, the United States again submits that this Court has the information necessary to determine whether or not it should recuse from this case. Further, in light of all of the information before it, this Court is not required to recuse from this case on the basis of actual bias under 28 U.S.C. § 455(b), nor is there an appearance that it presiding over the instant criminal case will lead to its impartiality reasonably being questioned such that it must recuse itself under 28 U.S.C. § 455(a).

        Respectfully submitted,

        JAMES D. TIERNEY
        Acting United States Attorney

        *Electronically filed February 16, 2018*
        JENNIFER M. ROZZONI
        MICHAEL D. MURPHY
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico 87102
        (505) 346-7274

I hereby certify that on February 16, 2018
I filed the foregoing electronically through
the CM/ECF system, which caused counsel for the
Defendant to be served by Electronic means, as
more fully reflected on the Notice of Electronic
Filing.

*Electronically filed February 16, 2018*
JENNIFER M. ROZZONI
Assistant United States Attorney