**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        Plaintiff,

**vs.**                                No. 17-cr-00965-JB

**KIRBY CLEVELAND,**

        Defendant.

**KIRBY CLEVELAND'S UNOPPOSED MOTION FOR DISCLOSURE
OF GRAND JURY AND PETIT JURY DATA**

Defendant Kirby Cleveland, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1867(f), the Fifth & Sixth Amendments to the United States Constitution, and the doctrine announced in *Duren v. Missouri*, 439 U.S. 357 (1979), respectfully moves the Court to order the District Court Clerk for the District of New Mexico to make available to the defense for inspection and photocopying all relevant data and procedures used in the selection of grand and petit jurors in the Northern Division of the District of New Mexico. In support of the Motion, Mr. Cleveland states:

On April 12, 2017, a federal grand jury indicted Kirby Cleveland for, *inter alia*, murder, felony murder, escape, and using and carrying a firearm during and in relation to a crime of violence. [Doc. 20.] On January 26, 2018, the United States filed a Notice of Intent to Seek the Death Penalty. [Doc. 39.]

**CONSTITUTIONAL AND STATUTORY REQUIREMENTS FOR JURY SELECTION**

A defendant in a criminal case has a constitutional and statutory right to a grand and petit jury chosen without discrimination from a fair and representative cross section of the

community.  *Glasser v. United States*, 315 U.S. 60, 85-86 (1942), *superseded on other grounds by statute, as recognized by Bourjaily v. United States*, 483 U.S. 171 (1987); *Smith v. Texas*, 311 U.S. 128, 130 (1940).  "The selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial."  *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975).  In addition, discrimination in the selection of a grand or petit jury panel violates a defendant's constitutional right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution.  *Batson v. Kentucky*, 46 U.S. 79 (1986).

For these reasons, a defendant has a constitutional right to challenge the exclusion from both the grand jury and petit jury pool of any identifiable group in the community.  *Campbell v. Louisiana*, 523 U.S. 392, 397-400 (1998).  A defendant may also challenge the exclusion or underrepresentation of any identifiable group from the position of grand jury foreperson.  *See id.*

Under standards established by the Sixth Amendment of the federal constitution and the Jury Selection and Service Act, grand juries that determine whether to charge an individual and petit juries that decide the guilt or innocence of that person must be selected "at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. § 1861.

In order to demonstrate a violation of the fair cross section requirement, Mr. Cleveland must show that a race, class, or other identifiable group was excluded in the jury selection process.  The legal test is whether a defendant can demonstrate that (1) the excluded group was a distinctive group; (2) the representation of the group in jury venires was not reasonable in relation to the total number of such persons in the community; and (3) the deficient representation was due to a systematic exclusion of the group in the jury selection process.  *See Duren v. Missouri*, 439 U.S. 357 (1979).  Mr. Cleveland is not in a position to make his required

2

showing under the law without access to information in the possession of the District Court Clerk concerning the individuals who qualified for jury service, including information addressing how these individuals were qualified.

Section 1861 also safeguards the right of all qualified citizens to be considered for service on grand and petit juries n the Federal district courts. See 28 U.S.C. § 1861 ("It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose."). This provision incorporates the standards of the Equal Protection Clause of the Fifth Amendment, which protects the rights of potential jurors who may have been excluded because of their membership in a "recognizable, distinct class" capable of being "singled out for different treatment under the laws." *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). The standard for considering a Fifth Amendment challenge has been described thusly:

> Traditionally, in order to establish a prima facie case that a jury was selected in violation of a defendant's right to equal protection, the defendant is required to met a three-part test established by the Supreme Court in *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977). "First, he must establish that the group excluded from the grand jury is one that is a recognizable, distinct class capable of being singled out for different treatment under the laws. Second, he must establish that the selection procedure used by the state to select grand juries is susceptible to abuse or is not racially neutral. Finally, he must establish the degree of underrepresentation occurring over a significant period of time by comparing the proportion of the excluded group in the total population to the proportion serving as grand jurors." *Jefferson v. Morgan*, 962 F.2d 1185, 1189-89 (6th Cir.) (citations omitted), *cert. denied*, 506 U.S. 905, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992). "Once [a defendant] has established a prima facie case, the burden shifts to the state to rebut the inference of intentional discrimination." *Id*. at 1189 (citing *Castaneda*, 430 U.S. at 495, 97 S.Ct. at 1280-81).

*United States v. Orvalle*, 136 F.3d 1092, 1104 (6th Cir. 1998).

It is no secret that the use of voter registration rolls as the sole source of data for the selection of jurors, as the District of New Mexico does, results in fewer minorities participating as jurors. *United States v. Gault*, 973 F. Supp 1309, 1314 (D.N.M. 1997) (documenting the disparity between Hispanics and Native Americans in the population at large and Hispanics and Native Americans participating on qualified jury wheels).  Counsel is of the belief that this pre-existing underrepresentation of Native American and Hispanic people may have unfairly influenced the selection of Mr. Cleveland's grand jury and, if demonstrated and allowed to continue, may also adversely influence selection of his petit jury.

### ENTITLEMENT TO DISCOVERY OF JURY DATA

Mr. Cleveland's exercise of his right to bring a jury challenge depends on his ability to discover the information necessary to determine whether jurors are being improperly excluded. For this reason, the United States Supreme Court held, in *Test v. United States*, 420 U.S. 28 (1975) (per curiam), that the defendant had been improperly denied the right to inspect the jury list in order to prepare a jury challenge pursuant to the Jury Selection and Service Act of 1968. The Court explained that

> … without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statutes overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community." 28 U.S.C. § 1861.

*Id.* at 30.

28 U.S.C. § 1867 sets forth the procedure for challenging compliance with the Jury Selection and Service Act.  Section 1867(a) requires the defense to exercise due diligence in investigating possible grounds for such a challenge.  Under subsection (f), "[t]he parties in a case shall be allowed to inspect, reproduce, and copy" records or papers used in connection with the

4

jury selection process.  Under this provision, "[t]he right to inspect jury lists is essentially unqualified."  *U.S. v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing *Test,* 420 U.S. at 30); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980).  *Armstrong* acknowledges that the "right to inspect, produce, and copy such records or papers at all reasonable times" when preparing for jury challenge extends not only to qualified jurors, "but also to the master wheel." *Id.*

Accordingly, Mr. Cleveland requests that counsel be provided access to all materials related to the master jury wheel from which his grand jury was selected, as well as prospective disclosure of all materials that will be generated, gathered, or produced in conjunction with the new master jury wheel to be drawn for 2020, from which Mr. Cleveland's petit jury will be selected for trial.

The information derived from the master jury wheels for the Northern Division is necessary because Mr. Cleveland's grand jury was selected from those wheels, as his petit jury will be.  Prospective disclosure of information to be generated by the next master wheel will be necessary to assess the constitutionality of the petit jury that could hear the trial in this matter. As for information generated from master jury wheels that have been emptied, those materials are no longer protected from disclosure under federal law.  28 U.S.C. § 1867(f) (allowing disclosure of all records and papers generated for a master jury wheel once the "master jury wheel has been emptied and refilled . . . and all persons selected to serve as jurors before the master wheel was emptied have completed such service").  Of course, Mr. Cleveland's request includes all information concerning the master wheels themselves.

The kind of information Mr. Cleveland seeks includes:

(1)     all information[1] concerning members of all grand and petit jury venires who

actually appeared for service that were drawn from the master jury wheel from

which the grand jury in this case was selected (the grand jury issued its indictment

on April 12, 2017;  and

(2)     all information concerning members of all grand and petit jury venires who

actually appeared for service that were drawn from the master jury wheel from

which the petit jury will be selected in this case (trial is scheduled to begin April

6, 2020).

In addition, as to the master wheels described above, Mr. Cleveland requests disclosure

of the following information:

(3)     all information at the Clerk's office regarding jurors summonsed for jury duty

who did not appear for jury selection ("no shows");

(4)     all information concerning the jurors who were deemed unqualified, including the

reason for their disqualification;

(5)     All statistical information concerning jurors deemed qualified for jury service;

(6)     all statistical analysis of race, ethnicity, and gender for individual petit jury pools

drawn from qualified jury wheels;

---

[1] The phrase "all information" refers to all statistical or demographic information regarding jurors including race, color, gender, religion, sex, national origin, or economic status or any other demographic statistics compiled for the group without revealing the identification information of any individual juror.  At this time, Mr. Cleveland is not seeking access to jurors' personal identification information, including names and addresses, and is not opposed to the Clerk's office redacting personal identification information before disclosing the demographic information to counsel.

(7)     all statistical analysis of race, ethnicity, and gender for each grand jury array

        drawn from the qualified jury wheels;

(8)     information concerning those jurors who were excused from service on grand jury

        arrays or petit jury pools and the reason each individual was excused;

(9)     access to all information—aside from identification information—in the juror

        questionnaires returned to the Court for processing; and

(10)    access to all information concerning the rosters of jurors who actually appeared

        for jury selection during the life of the wheel.

The examples listed are by no means exhaustive, but are merely illustrative of the kind of information that Mr. Cleveland needs in order to assess the lawfulness of jury selection process within the Northern Division of the District of New Mexico.

In making this request, Mr. Cleveland's counsel assures the Court that counsel will maintain the confidentiality of the materials as required under the District's Jury Selection Plan, federal statutory law, 28 U.S.C. § 1867(f), and any confidentiality order to be issued by the Court.

On May 14, 2018, counsel for the United States, Michael Murphy, informed undersigned counsel that the Government has no opposition to this Motion.

WHEREFORE, in order for Defendant Kirby Cleveland to determine whether a motion challenging the jury selection process under 28 U.S.C. § 1867(a) is warranted, he respectfully requests all information in the possession of the office of the District Court Clerk for the District of New Mexico concerning the identity and background of individuals selected for the relevant jury wheels and juror panels comprising grand and petit juries in the Northern Division,

including information addressing the manner in which those individuals are selected for jury service.

Respectfully submitted,

/s/ Theresa M. Duncan
Theresa M. Duncan
Duncan Earnest, LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

Donald F. Kochersberger III
BUSINESS LAW SOUTHWEST LLC
320 Gold Ave. SW, Suite 610
Albuquerque, New Mexico 87102-3299
(505) 848-8581 (Voice)
(505) 848-8593 (Facsimile)
Donald@BusinessLawSW.com (E-Mail)

*Attorneys for Kirby Cleveland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of May 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan