# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 17-0965 JB

KIRBY CLEVELAND,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 38)("First PFRD"); and (ii) the Second Report by the Magistrate Judge, filed February 2, 2018 (Doc. 45)("Second PFRD"). The primary issue is whether both PFRDs, which discuss whether the Honorable Kenneth Gonzales, United States District Judge for the District of New Mexico, should recuse himself from this case, are moot. The Court concludes that both PFRDs are now moot, because Judge Gonzales no longer presides over this case. Accordingly, the Court does not adopt them.

## FACTUAL BACKGROUND

The Court draws its facts from the Indictment, filed April 12, 2017 (Doc. 20)("Indictment"). The Court recognizes that the Indictment largely represents Plaintiff United States of America's version of events and that Defendant Kirby Cleveland is presumed innocent. "On or about February 26, 2017, and continuing through March 11, 2017, in Bernalillo County, in the District of New Mexico, the defendant, Kirby Cleveland, did knowingly escape from Diersen Residential Reentry Center in Albuquerque." Indictment at 2. On or about March 11, 2017, Cleveland killed John Doe, a Navajo Nation Division of Public Safety Patrol Officer,

with a firearm.  See Indictment at 1-3.

Before becoming a United States District Judge, Judge Gonzales served as the United States Attorney for the District of New Mexico from 2010 to 2013.  See "Kenneth John Gonzales," Wikipedia, https://en.wikipedia.org/wiki/Kenneth_John_Gonzales (last viewed July 30, 2018).  During his tenure as the United States Attorney, United States v. Cleveland, No. CR 12-2062 MCA, was litigated in the District of New Mexico.  See United States v. Cleveland, No. CR. 12-2062 MCA, Indictment at 1, filed August 21, 2012 (Doc. 46). That case and this case both involve the same defendant, Cleveland.

## PROCEDURAL BACKGROUND

Cleveland was indicted in this case on April 12, 2017.  See Indictment at 1.  The case was initially assigned to the Honorable M. Christina Armijo, then-Chief United States District Judge for the District of New Mexico.  On January 11, 2018, the case was reassigned to Judge Gonzales.

At a status conference held on January 25, 2018, Judge Gonzales stated that he had received a letter from the United States notifying him of Cleveland's first case.  See Clerk's Minutes Before the Honorable Kenneth J. Gonzales at 1, filed January 25, 2018 (Doc. 36)("Clerk's Minutes").  Judge Gonzales acknowledged that he was the United States Attorney during part of that case's pendency.  See Clerk's Minutes at 1.  After some discussion, Cleveland stated that he would not be opposed to a third party reviewing the United States' file in Cleveland's first case to examine for any recusal issues.  See Clerk's Minutes at 3 (Duncan). Judge Gonzales said that he would ask a magistrate judge to review the file.  See Clerk's Minutes at 3.

Judge Gonzales referred the case to the Honorable Karen Molzen, Chief United States

Magistrate Judge for the District of New Mexico, with instructions that Chief Magistrate Judge Molzen "conduct an *in camera* review of the Government's file in United States v. Cleveland, Cr. No. 12-2062 MCA and then prepare findings on [Judge Gonzales'] participation, if any, as United States Attorney in that case." First PFRD at 1. See Order of Reference at 1, filed January 26, 2018 (Doc. 37). Chief Magistrate Judge Molzen found "no indication that Judge Gonzales actively participated in that case." First PFRD at 2. Consequently, Chief Magistrate Judge Molzen concluded that Judge Gonzales was not required to recuse himself from this case. See First PFRD at 2.

On February 1, 2018, the parties held another status conference, where Judge Gonzales determined that "a further *in camera* review by Judge Molzen on the recusal issue is necessary." Order Resulting From Status Conference at 1, filed February 2, 2018 (Doc. 44)("Status Conference Order"). Specifically, Judge Gonzales requested that Chief Magistrate Judge Molzen examine "additional materials discovered by the Government" in Cleveland's first case. Status Conference Order at 2. Chief Magistrate Judge Molzen reviewed those documents and concluded that "[n]one of the submitted e-mail documents reflect active participation by Judge Gonzales" in the first United States v. Cleveland case. Second PFRD at 1. Chief Magistrate Judge Molzen noted, however, that Judge Gonzales sent a congratulatory email to Assistant United States Attorney Novaline Wilson -- who prosecuted Cleveland's first case -- in response to a press release saying that Cleveland had pled guilty in that case. See Second PFRD at 2. Judge Gonzales' congratulatory email stated only "'Nice job, Nova!'" Second PFRD at 2 (quoting Email from Kenneth Gonzales to Novaline Wilson at 1 (dated July 18, 2013), filed February 2, 2018 (Doc. 45-1)). Chief Magistrate Judge Molzen implied that this email might raise an "appearance of impartiality" question, but noted that, because an appearance of

impartiality analysis under 28 U.S.C. § 455(a) "requires consideration of all relevant information and would extend beyond the documents that I have reviewed *in camera*, a further recommendation seems outside the scope of the order of referral." Second PFRD at 2. Consequently, Chief Magistrate Judge Molzen did not make a recommendation. See Second PFRD at 2. On March 5, 2018, this case was reassigned to the Court.

## LAW REGARDING RECUSAL

An important feature of the judicial system is that judges are fair and impartial arbiters of the disputes before them. 28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Certain listed circumstances also require a judge to recuse himself:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> > (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> >
> > (ii) Is acting as a lawyer in the proceeding;
> >
> > (iii) Is known by the judge to have an interest that could be

substantially affected by the outcome of the proceeding;

        (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

The United States Court of Appeals for the Tenth Circuit has emphasized, however, that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Thus, the recusal "statute must not be so broadly construed that it becomes . . . presumptive . . . ." Nichols v. Alley, 71 F.3d at 351 (internal quotation marks omitted). Moreover, the recusal statute "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). See Advanced Optics Electronics, Inc., v. Robins, No. CIV 07-0855, 2011 WL 1103830, at *4 (D.N.M. 2011)(Browning, J.).

**ANALYSIS**

Typically, when no party objects to a magistrate judge's proposed findings and recommended disposition, the Court reviews them "to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." United States v. Christy, Nos. CIV 15-0881, CR 10-1534, 2016 WL 4491856, at *6 (D.N.M. 2016)(Browning, J.). In this case, however, that standard is not appropriate. While the parties did not formally object to the PFRDs, Cleveland filed the Defendant Kirby Cleveland's Motion for Recusal of Hon. Kenneth J. Gonzales, filed January 29, 2018 (Doc. 40)("Recusal Motion") -- which requested that Judge Gonzales recuse himself -- in response to the First PFRD. See Recusal Motion at 7. As such, although Cleveland did not object formally to the PFRDs, he did request relief inconsistent with Chief Magistrate Judge Molzen's original recommendation. See First

PFRD at 2.  Accordingly, the Court's deferential standard of review for PFRDs that draw no objections is not appropriate here.

In any event, the issues addressed in the PFRDs are now moot.  Both PFRDs relate to whether Judge Gonzales should recuse himself from this case.  See First PFRD at 1-2; Second PFRD at 1-2.  After Chief Magistrate Judge Molzen issued the PFRDs, however, the case was reassigned to this Court.  Further, Cleveland has withdrawn his Recusal Motion, noting that he has "obtained the relief he sought and the motion is now moot."  Notice Withdrawing Defendant Kirby Cleveland's Motion for Recusal of Hon. Kenneth J. Gonzales, filed March 20, 2018 (Doc. 60).  Accordingly, the Court will not adopt the PFRDs, because the issues they address are now moot.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 38), are not adopted; and (ii) the Second Report by the Magistrate Judge, filed February 2, 2018 (Doc. 45), is not adopted.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
　United States Attorney
Jennifer M. Rozzoni
Niki Tapia-Brito
Novaline Wilson
Letitia Carroll Simms
Michael D. Murphy
　Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

　　　*Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan Earnest L.L.C.
Albuquerque, New Mexico

-- and --

Donald Kochersberger
Business Law Southwest, L.L.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*