IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,                CRIMINAL NO. 17-965 JB

vs.

**KIRBY CLEVELAND,**

        Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT KIRBY CLEVELAND'S MOTION TO DISMISS NOTICE OF INTENT TO SEEK THE DEATH PENALTY PURSUANT TO 18 U.S.C. 3598

The United States of America hereby submits its brief in response to Defendant Kirby Cleveland's Motion to Dismiss Notice of Intent to Seek the Death Penalty Pursuant to 18 U.S.C. § 3598 (Doc. 77).

## BACKGROUND

On March 11, 2017, Kirby Cleveland ("Defendant") shot and killed Navajo Patrol Division Officer Houston Largo after Officer Largo stopped the vehicle driven by Defendant's uncle, who was intoxicated at the time. Officer Largo was on duty and responding to a call. He was driving a marked police vehicle, wearing his uniform and badge of office. The shooting occurred within the exterior bounds of the Navajo Nation. At the time Defendant killed Officer Largo, he was supposed to be completing a sentence of incarceration following his violation of conditions of supervised release in United States v. Kirby Cleveland, 12-CR-2062 MCA. Defendant was undergoing a period of re-entry at a halfway house and had failed to return to that facility after having been provided a weekend pass which had expired on February 26, 2017.

On April 12, 2017 the grand jury returned and Indictment (Doc. 20) charging Defendant with Count 1: 18 U.S.C. §§ 1114 and 1111: Murder of an Officer and Employee of the United States; Count 2: 18 U.S.C. § 1111: Felony Murder While in Violation of 18 U.S.C. § 751(a); Count 3: 18 U.S.C. §§ 1153, 1111: First Degree Murder; Count 4: 18 U.S.C. § 751(a): Escape; Counts 5-7: 18 U.S.C. §§ 924(c)(1) and (j)(1): Using and Carrying Firearm During and in Relation to Crime of Violence; and Count 8: 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.  On January 25, 2018, the United States filed its Notice of Intent to Seek the Death Penalty (Doc. 39) providing notice pursuant to 18 U.S.C. § 3593(a) that it will seek a sentence of death for Count 2 of the Indictment, charging Committing Felony Murder while in Violation of 18 U.S.C. § 751(a), in violation of 18 U.S.C. § 1111 and for Count 6 of the Indictment charging Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1). By the instant motion, Defendant seeks to dismiss the Notice of Intent to Seek the Death Penalty based upon the argument that each of the crimes alleged in the Notice arise solely from the federal government's exercise of jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153, and that the death penalty is thereby barred under the terms of 18 U.S.C. § 3598.

## **ARGUMENT**

Defendant correctly points out that under the terms of 18 U.S.C.  § 3598, no person subject to the criminal jurisdiction of an Indian tribal government shall be subject to a capital sentence under the Federal Death Penalty Act for any offense the Federal jurisdiction for which is predicated solely on Indian Country and which has occurred within the boundaries of Indian country unless the governing body of the tribe has elected to have the Federal Death Penalty Act

have effect over the land and persons subject to its criminal jurisdiction. Defendant is also correct that the Navajo Nation has not elected to have the Federal Death Penalty Act apply to its tribal members subject to criminal jurisdiction based upon 18 U.S.C. §§ 1152 and 1153. However, Defendant's argument that these facts mandate dismissal or striking of the Notice of Intent to Seek the Death Penalty in this matter fail because Counts 2 and 6 of the Indictment are not dependent upon Indian Country jurisdiction. Defendant's murder of Officer Largo was committed in the furtherance of his escape from federal custody.

Walking away from a re-entry center where one is beginning a period of supervised release is an "escape" for the purposes of 18 U.S.C. § 751. *United States v. Foster*, 754 F.3d 1186 (10th Cir. 2014). Further, Defendant's crime, initially committed on February 26, 2017, was on-going when he killed Officer Largo on March 11, 2017. *United States v. Bailey*, 444 U.S. 394, 413 (1980) ("[E]scape from federal custody as defined in § 751(a) is a continuing offense. . . .  An escapee can be held liable for failure to return to custody as well as for his departure.  Given the continuing threat to society posed by an escaped prisoner, the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.") (internal citations and quotations omitted). 18 U.S.C. § 1111(a) provides in part that "[e]very murder … committed in the perpetration of, or attempt to perpetrate, any arson, *escape*, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery … is murder in the first degree." (emphasis added).  Defendant's predicate crime, as charged in Count 2 of the Indictment, is the on-going crime of general applicability of Escape, contrary to 18 U.S.C. § 751. The Tenth Circuit Court of Appeals has interpreted § 1111(a) and the felony murder doctrine to mean that a person who commits a dangerous felony "is guilty of murder if a death occurs during the commission of

[the] felony." *United States v. Nguyen*, 155 F.3d 1219, 1225 (10th Cir. 1998) (discussing felony murder based upon robbery). While the murder occurred in the territorial jurisdiction of the United States, that is to say within "Indian country" as defined by 18 U.S.C. § 1151 and as required by 18 U.S.C. § 1111(b), the fact that makes it first degree murder and death eligible as to Count 2 is that it is a felony murder committed during the general applicability crime of Escape.

Similarly, as charged in Count 6 of the Indictment, Defendant, a felon, knowingly used a firearm in relation to a crime of violence, a felony murder during an Escape, as charged in Count 2, and caused the death of Officer Largo. 18 U.S.C. §§ 924(c)(1) and (j)(1) relate to the use of a firearm in a violent felony. *Cf. United States v. Chanthadara,* 230 F.3d 1237, 1252 (10th Cir. 2000) (discussing a Hobbs Act murder and holding "[O]ne is guilty under 18 U.S.C. § 924(j)(1) if, during the course of a violation of § 924(c), he causes the death of a person through the use of a firearm and if that killing constituted a murder as defined in 18 U.S.C. § 1111."). Similar to the defendant in *Chathandara*, Defendant is alleged to have caused the death of a person through the use of a firearm during the course of a violation of 18 U.S.C. § 924(c) and that killing, in the furtherance of an Escape, constitutes a felony murder under the terms of 18 U.S.C. § 1111(a). The fact that Defendant is an Indian under federal law, and that the killing occurred in Indian country as defined by federal law, is not critical to Count 6. 18 U.S.C. § 924(c)(1) is a valid exercise of congressional authority pursuant to the Commerce Clause. *Nguyen*, 155 F.3d at 1227 (collecting cases).

Defendant argues, without citation to precedential support, that the Court should conclude that because the murder of Officer Largo occurred within Indian country and Count 2 relies upon 18 U.S.C. § 1111, then Count 6 is subject to identical analysis as Count 2. While the

United States does not concede that it may not seek the death penalty as to Count 2 pursuant to the operation of 18 U.S.C. § 3598, Count 7 requires a separate analysis, rather than "working backward" as suggested by Defendant. Doc. 77, p. 9. Because 18 U.S.C. § 924(j)(1) refers only to the definition of murder in § 1111, § 924(j)(1) incorporates only § 1111(a). *United States v. Young*, 248 F.3d 260, 275 (4th Cir. 2001). § 924(j)(1) incorporates the jurisdictional requirement from § 924(c). *Id.*, *also see* 18 U.S.C. § 924(c) ("Any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States . . . ."). In this case, the escape by a federal prisoner, for which Defendant might be prosecuted in a court of the United States regardless of where found, and the felony murder predicated upon and during that escape, is the crime of violence.

Defendant also argues that the United States may not seek the death penalty for Counts 1 or 3, which allege, respectively, murder of an officer and employee of the United States and murder in the first degree on the basis of premeditation in violation of 18 U.S.C. §§ 1153 and 1111. He correctly notes that the Notice of Intention to Seek the Death Penalty (Doc. 39) does not allege Counts 1 or 3 as a potential death charge. He also contends that the United States does not seek the death penalty for Counts 5 or 7, alleging violations of 18 U.S.C. §§ 924(c)(1) and (j)(1) in relation to the murder charge in Count 3. The fact that the United States has not sought death based upon Counts 1, 3, 5 or 7 is not disputed and there is no controversy before the Court, at this time, on which a ruling is required or proper. *See United States v. Chaves-Palacios*, 30 F.3d 1290, 1292-93 (10th Cir. 1994) ("[A]t a minimum, the case or controversy limitation prohibits a federal court from rendering an advisory opinion"). The Court should not contemplate these arguments nor issue a ruling upon them, as there is no basis for such a ruling at this time.

WHEREFORE, the United States respectfully requests that the Court deny Defendant Kirby Cleveland's Motion to Dismiss Notice of Intent to Seek the Death Penalty Pursuant to 18 U.S.C. § 3598 (Doc. 77).

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed October 29, 2018*
    MICHAEL D. MURPHY
    LETITIA SIMMS
    Assistant United States Attorneys
    P.O. Box 607
    Albuquerque, New Mexico 87102
    (505) 346-7274

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused counsel for the Defendant to be served by Electronic means, as more fully reflected on the Notice of Electronic Filing.

*Electronically filed October 29, 2018*
MICHAEL D. MURPHY
Assistant United States Attorney